## O'REILLY et al. v. PLATT.

(Supreme Court, Appellate Division, Second Department. March 6, 1903.)

1. WILLS—CONSTRUCTION—EXECUTORS—POWER TO CONVEY LAND.

Where a will provided that testator devised to his executors all his real property in trust, to continue his pawnbroking business until his son should arrive at 25 years of age, unless the executors should agree that the sale of his business before that time should be of benefit to his estate, when they were authorized to sell the same, and required the executors to collect the rents, profits, and income, and distribute the same according to the provisions of the will, such executors had no power to sell real estate, not a part of the pawnbroking business, before the son arrived at the age of 25 years.

Action by Frank E. O'Reilly and another, as executors of the will of Arthur J. Heaney, deceased, against C. Henry Platt, to enforce a contract for the sale of land. Submitted on agreed statement of facts. Judgment for defendant.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Luke O'Reilly, for plaintiffs.
Henry P. Burr, for defendant.

WOODWARD, J. The plaintiffs and defendant, on the 3d day of October, 1902, entered into a contract in writing by which the plaintiffs agreed to sell and convey to the defendant the premises at 170 Amity street, Brooklyn, for the sum of $7,000, the defendant paying the plaintiffs the sum of $500 on account of said purchase. On the 20th day of October, 1902, on the plaintiffs' tendering a deed under the contract, the defendant refused to accept the same on the ground that the plaintiffs did not have power under the will of their testator, Arthur J. Heaney, to convey the premises in question.

We think there is no reasonable doubt that the defendant is justified in his position. The will of Arthur J. Heaney provides, in its fifth paragraph:

"I give, devise, and bequeath to my executors hereinafter named all my real property and all the rest, residue, and remainder of my personal property of which I may die seised, in trust, nevertheless, for the following purposes: To continue the pawnbroking business now carried on by me at number 214 and 216 Atlantic avenue, in the said borough of Brooklyn, under the business style of 'Arthur J. Heaney & Co.,' until my son Arthur J. Heaney shall arrive at the age of twenty-five years, unless they, my said executors, should all agree that a sale of my said business before that time would be of benefit to my estate; then they shall have power to sell the same."

The sixth paragraph of the will provides for the collection of rents, profits, and income, and for its disposition, and there is no other provision in reference to the sale of any of his property to be found in the will. The seventh paragraph provides that the trust estate shall terminate upon his son reaching the age of 25 years, and that all of his real property shall be distributed among his children. It also provides for the disposition of the personal property. The real estate in question is not used in the pawnbroking business, and we find no suggestion in the will of any intention on the part of the testator to

give his executors a general power of disposing of his real estate.
The power of sale relates.to "my said business," and the only business
mentioned was that of pawnbroker, doing business on Atlantic ave-
nue, while the real estate here involved is located on Amity street.
There does not seem to be any ground whatever for the claim of the
plaintiffs that they are authorized to sell this real estate, no condition
of affairs is suggested in the will which would make the sale de-
sirable, and the scheme of the will may be fully carried out by con-
fining the power of sale to the business mentioned, and leaving the
real estate to be disposed of according to its terms at the close of the
trust period.

The defendant should have judgment for $500 and the costs of this
action. All concur.